IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JAMES EALY | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 1:03-CV-215-F (WO) |
| CHARLES HADLEY, *et al.*, | * |
| Respondents. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Thomas Ealy ("Ealy") filed this 28 U.S.C. § 2254 petition for habeas corpus relief on February 24, 2003, challenging the convictions for distribution of a controlled substance (cocaine) imposed upon him by the Circuit Court for Houston County, Alabama, on December 13, 2000. The trial court sentenced Ealy on January 2, 2001 to eighteen years imprisonment on each count, to be served concurrently.[1]

On appeal of his convictions, Petitioner raised the following claims for relief:

1. Whether the trial court erred in admitting hearsay evidence over the objection of Defendant;

2. Whether the State failed to properly authenticate and lay a proper predicate for certain evidence;

---

[1] Petitioner served approximately three years in prison prior to being released on parole on or about December of 2003. (*See* Doc. No. 11.)

>   3.   Whether the trial court erred in admitting identification of Defendant as an image on video tape evidence; and
>
>   4.   Whether the State failed to present sufficient evidence to convict defendant of unlawful possession of a controlled substance.

On June 22, 2001 the Alabama Court of Criminal Appeals affirmed Petitioner's convictions and sentence. That court denied his application for rehearing on July 20, 2001, and the Alabama Supreme Court denied Petitioner's petition for writ of certiorari on October 5, 2001. (Doc. No. 6; Doc. No. 7, Exhs. B-I.)

On November 13, 2001, with the assistance of counsel, Ealy filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure.* He presented the following issues for review:

>   1.  Trial counsel was ineffective because he represented a State's witness against Petitioner and even though he withdrew such representation, his prior involvement with this witness impaired his ability to effectively cross-examine the witness during Petitioner's case;
>
>   2.  The same State's witness recanted prior testimony regarding his version of the evidence and admitted that he lied in order to avoid a drug charge which the Dothan Police Department held over his head in exchange for his testimony at Petitioner's trial;
>
>   3. Trial counsel failed to file a petition for writ of certiorari after Petitioner's application for rehearing was denied. [2]

---

[2] Counsel amended the petition with respect to this claim of ineffective trial counsel when further investigation revealed that Petitioner's appeal continued through a petition for writ of certiorari to the Alabama Supreme Court.

2

Following an evidentiary hearing, the trial court denied the petition on January 10, 2002. Petitioner appealed the lower court's decision and presented the following claims:

> 1. Defense counsel's representation of a "snitch" who testified against the appellant in his case violated the appellant's rights under the U.S. Constitution, Amendment VI, regarding conflict of interests;
>
> 2. Defense counsel's previous representation of the "snitch" affected his ability to effectively cross-examine the "snitch" and that inability amounted to ineffective assistance of counsel;
>
> 3. Newly discovered evidence tending to show that the "snitch" lied during the trial proceedings entitled the appellant to a new trial.

The Alabama Court of Criminal Appeals affirmed the denial of Petitioner's post-conviction petition on June 21, 2002. Ealy's application for rehearing was denied on July 12, 2002 and on October 18, 2002 the Alabama Supreme Court denied his petition for writ of certiorari. The Alabama Court of Criminal Appeals issued a certificate of judgment on the same day. (Doc. No. 6; Doc. No. 7, Exhs. J-S.)

> In this federal habeas petition, Ealy presents the following claims for relief:
>
> 1. His conviction was obtained by use of a witness' coerced confession;
>
> 2. His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest;
>
> 3. He was denied effective assistance of counsel.

## II. DISCUSSION

*A. Exhaustion of State Remedies*

3

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a Petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (C). In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. Exhaustion is not required if, at the time a federal habeas corpus petition is filed, petitioner has no available state remedy. *Teague v. Lane*, 489 U. S. 288, 297-98 (1989). Petitioner's claims will be considered exhausted for the purposes of federal habeas review.

## B. Disposition of Claims

In their answer filed with this court, Respondents maintain that Ealy's claims that his conviction was obtained by use of a witness' coerced confession, that his conviction was obtained by the use of evidence obtained pursuant to unlawful arrest, and that counsel was ineffective for failing to impeach the validity of certain evidence (a video tape displaying his image), are procedurally defaulted because they are raised for the first time in this court. *See Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Respondents further contend that Petitioner's claim that he was denied the effective assistance of trial counsel due to a conflict of interest was properly adjudicated on the merits by the state courts.

4

*See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). (Doc. No. 6.)

Petitioner was provided an opportunity to file responses to the answer of Respondents and has done so. Upon review of the § 2254 petition, the answer of Respondents and Petitioner's response, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

*C. Standard of Review*

To prevail on his § 2254 claims, Petitioner must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[3] *see Williams v. Taylor*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case

---

[3]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)    resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)    resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

5

involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id.* at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id.* at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411. Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

    *1. Ineffective Assistance of Counsel Claim.*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. Petitioner must satisfy the requirements of a two-pronged test to prevail on his

claims of ineffective assistance of counsel. First, Petitioner must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The record shows that the Alabama Court of Criminal Appeals applied the *Strickland* standard when affirming the lower court's decision to deny Petitioner relief on his claim that trial counsel operated under a conflict of interest at trial where it was shown

7

that counsel formerly represented a material State's witness called to testify at Ealy's trial. (Doc. No. 7, Exh. M, pgs. 2-4, Exh. J, pg. 18-19.) *Strickland, supra*, sets forth the clearly established federal law on this issue. Thus, this court must determine whether the state courts' rejection of Petitioner's claims of ineffective assistance of counsel "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Alabama Court of Criminal Appeals found that Petitioner failed to demonstrate that trial counsel performed ineffectively due to an alleged conflict of interest. Specifically, the appellate court found as follows:

> Ealy argues that he was denied his Sixth Amendment [right] to effective representation of counsel. Specifically, Ealy argues that because his counsel was operating under an actual conflict of interest, he failed to effectively impeach the testimony of a key state's witness, whom counsel had previously represented. Counsel's conflict, Ealy argues, prejudiced his defense and deprived him of a fair trial.
>
> To prevail on a conflict-of-interest claim as a basis for ineffective assistance of counsel, a petitioner mush show that an actual conflict of interest existed and that that conflict adversely affected his counsel's performance. *Smith v. State*, 745 So.2d 922 (Ala. Crim. App. 1999). The burden of proving that such a conflict exists rests on the one asserting the conflict. *M.S. v. State*, [Ms. CR-98-0721, February 4, 2000] ___ So.2d ___ (Ala. Crim. App. 2000), *aff'd on return to remand by unpublished memorandum*, ___ So.2d ___, (Ala. Crim. App. 2001). To establish an actual conflict of counsel, a petitioner must establish that counsel "actively represented conflicting interests"; he must also establish that counsel made a choice among several courses of action that proved helpful to one client, but harmful to the other. *M.S. v. State*, ___ So.2d at ___.
>
> While a defendant has the right to conflict-free counsel, he may waive that right. As we stated in *M.S. v. State*:
>
>> "A defendant may validly waive his right to a conflict-free counsel if

8

> such a waiver is knowingly and intelligently made. *See Deerman v. State*, 466 So.2d 1013 (Ala. Cr. App. 1984), *cert. denied*, 466 So.2d 1020 (Ala. 1985). 'In order for a waiver of the right to conflict-free counsel to be knowing and intelligent, the State must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel.' *Id*. at 1017; quoting *Zuck v. Alabama*, 588 f.2d 436, 440 (5th Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979)."

___ So.2d at ___.

Here, Ealy failed to establish an actual conflict of interest. During the evidentiary hearing, Thomas Brantley, Ealy's retained counsel, acknowledged that he had, in fact, represented Allen Yeomans on several previous occasions. However, the evidence established that Brantley was not operating under an actual conflict of interest or that he was acting in violation of Rule 1.9 of the Alabama Rules of Professional Conduct. Based on our review of the record, it appears from the record that Brantley represented Yeomans on charges of sexual abuse and rape. Thus, Brantley's representation of Yeomans on these charges did not affect any choices he might have made regarding his representation of Ealy on drug charges. Moreover, Brantley testified that he was not initially aware of the fact that Yeomans would be a prosecution witness at the time he was retained by Ealy. However, Brantley testified, that when he learned that Yeomans would be testifying against Ealy, he advised Ealy of this fact and offered to withdraw from further representation. Ealy declined Brantley's offer and indicated that he wished Brantley to continue representing him.

Although Ealy contends otherwise, the weight of the evidence supports the finding of the circuit court that he was not denied the right to effective representation of counsel based on an alleged conflict of interest. Any conflict in the evidence was for the circuit court to resolve. *See Bedwell v. State*, 710 So.2d 493, 497 (Ala. Crim. App. 1997). Based on the evidence presented, the circuit court correctly determined that Ealy had not met his burden of proving that his defense was adversely affected because his counsel was operating under an actual conflict of interest.

Because Ealy failed to establish either prong of the *Strickland* test for proving ineffective assistance of counsel, the circuit court correctly denied relief based on his claims of ineffective assistance of counsel.

(Doc. No. 7, Exh. M, pgs. 2-4.)

Here, Ealy argues that counsel performed deficiently because he operated under a

9

conflict of interest during the trial when he inadequately cross-examined a State's witness who happened to be a former client, and that this deficient performance prejudiced Petitioner's defense. The court has independently reviewed the evidentiary materials submitted in this case including the trial transcript and the transcript of Petitioner's Rule 32 hearing at which trial counsel testified. (Doc. No. 7, Exh. A - Trial Transcript & Exh. J, pgs. 18-19 and Rule 32 Transcript - TR. 2-70.)   From this review, the court concludes that, in light of the significant deference accorded a trial counsel's decision on how to conduct cross examination and the restraint which must be utilized in  hindsight to criticize unsuccessful trial strategies, Petitioner has failed to demonstrate how counsel's alleged shortcoming prejudiced him to the extent that it cast doubt on the reliability of the trial. *See Strickland*, 466 U.S. at 693 ("not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."); *see Dunham v. Travis,* 313 F.3d 724, 732 (2nd Cir.2002) ("Decisions about whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature and generally will not support an ineffective assistance claim.")   (citations and internal quotation marks omitted). Thus, the ruling by the appellate court that trial counsel's conduct was not deficient with respect to the purported conflict of interest  and, therefore, did not constitute ineffective assistance of counsel, was neither "contrary to" nor an "unreasonable application of" Supreme Court precedent. As a result, Petitioner is not entitled to habeas relief on this

claim.

*D.  Procedural Default*

Respondents assert that Ealy's contentions that his conviction was obtained by use of a witness' coerced confession and by evidence obtained pursuant to an unlawful arrest, and that trial counsel was ineffective for failing to impeach the validity of a video tape displaying his image, are procedurally defaulted because they are raised for the first time in the instant petition.  This court may reach the merits of Petitioner's procedurally defaulted claim only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).  In his response to Respondents' answer that he defaulted these claims, the court understands Ealy to assert as cause for his default  trial counsel's ineffectiveness and his lack of education and/or inexperience in the law. (Doc. No. 9.)  Based on Ealy's assertion that trial counsel's ineffectiveness constituted cause for his default, the court directed Respondents to file a supplemental answer in response to this claim which they did on August 8, 2005.  (Doc. No. 20.)

In order to demonstrate cause and prejudice based on a claim of ineffective assistance, a petitioner must show that counsel's performance was "so ineffective as to

11

violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In other words, a petitioner seeking to show ineffective assistance as the cause of a default must prove that his counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 684. If Petitioner cannot prevail on a separate ineffective assistance of counsel claim, then he cannot prevail on an argument that ineffective assistance caused the procedural default. *See id.*

Based on this court's review of the record, the undersigned finds that Ealy has made no showing that the actions of trial counsel, in failing to raise at trial claims that Petitioner's convictions were unlawful due to a coerced confession and use of evidence obtained by an unlawful search, unduly prejudiced him. (*See* Doc. No. 7, Exh. A - Trial Transcript.) The record does not support Ealy's conclusory allegations.[4] (*Id.*) Accordingly, Petitioner has

---

[4]Petitioner's allegation that the testimony of Allen Yeoman's was coerced appears somewhat analogous to the claim he presented in his Rule 32 petition that he had newly discovered evidence indicating that Yeomans lied concerning material evidence while testifying at Ealy's trial. In support of this allegation, Petitioner alleged that Yeomans recanted his trial testimony which incriminated Ealy and admitted to lying on the stand because he made a deal with law enforcement officials to set up Petitioner in exchange for leniency on unrelated criminal charges pending against Yeomans. (*See* Doc. No. 7, Exh. K, pg. 6-7.) In its order denying Ealy's post-conviction petition, the state court concluded that Yeomans had not, in fact, recanted his trial testimony incriminating Ealy. (*Id.* Exh. J at 18-19.) Addressing this same contention on appeal from the lower court's ruling, the Alabama Court of Criminal Appeals held that:

> . . .there was no question of Ealy's guilt. The State more than
> adequately corroborated evidence to prove that Ealy sold cocaine
> to Yeomans, independent of its witness's testimony. Specifically,
> the State presented both audiotape and videotape recordings of
> two separate cocaine transactions between Ealy and Yeomans.
> Thus, Ealy was not entitled to a new trial.

failed to show the harm necessary to his claim of ineffectiveness. *Strickland,* 466 U.S. 668. Here, Ealy's assertions regarding trial counsel's conduct fail to demonstrate either that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," or that he was in any way prejudiced by his counsel's performance to the extent that his conviction is unreliable. *Strickland*, 466 U.S. at 694. Therefore, Petitioner's failure to present these issues in the state court cannot be excused, and the procedural default doctrine applies.

To the extent Petitioner's pleadings may be understood to allege that the ineffectiveness of his Rule 32 counsel should serve as cause to excuse his default in this court on his claim that trial counsel was ineffective for failing to impeach the validity of video tape evidence, this argument fails.[5] Petitioner is not constitutionally entitled to counsel during post-conviction proceedings. *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990). Thus, post-conviction counsel was not ineffective within the meaning of *Strickland*, *supra*, and therefore, this cannot serve as cause to excuse Petitioner's default on his ineffective assistance of counsel claim.

To the extent Petitioner alleges a lack of education and/or ignorance of the law as cause for his default, this argument is also unavailing. To establish cause excusing a

---

(*Id.* Exh. M at 5.)

[5]Petitioner's trial counsel also served as appellate counsel. Trial counsel is not expected to challenge his own performance.

procedural default, a petitioner must show that the default resulted from some objective factor external to the defense that prevented him from raising the claim and which cannot be fairly attributable to his own conduct, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claim(s) raises an issue that was intrinsically beyond a *pro se* petitioner's ability to present. *Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (petitioner's argument that his status as a *pro se* litigant established cause for his procedural default unpersuasive). Thus, Petitioner's inexperience, lack of education, and/or ignorance of the law does not excuse his procedural default as these alleged impediments are not objective factors external to Petitioner within the meaning of *Murray v. Carrier*, *supra*.

Petitioner has demonstrated neither cause for his failure to present his defaulted habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schulp v. Delo*, *supra*. "To establish actual innocence, [a] petitioner must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992))."

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.
>
> 513 U.S. at 324.

Petitioner has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Consequently, Petitioner's procedurally defaulted claims are foreclosed from federal habeas review.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Thomas James Ealy be denied and that

this case be dismissed with prejudice.

It is further

ORDERED that on or before August 29, 2005 the parties shall file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE